IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSHUA ONEAL WHITE, §
(TDCJ-CID #1660955) §
§
Petitioner, §
§
vs. §   CIVIL ACTION NO. H-13-3107
§
WILLIAM STEPHENS, §
§
Respondent. §

## MEMORANDUM ON DISMISSAL

Petitioner, Joshua Oneal White, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 178th Judicial District Court of Harris County, Texas.

Having considered the record and applicable authorities, the court determines that this case should be dismissed for lack of jurisdiction. The reasons for this ruling are stated below.

**I.   Background**

White pleaded guilty to the offense of aggravated assault, Cause Number 1159317. On October 15, 2009, the 178th Judicial District Court of Harris County, Texas sentenced White to a two-year prison term. White did not appeal.

On-line research reveals that White filed a state application challenging this conviction. The Texas Court of Criminal Appeals dismissed the application on July 31, 2013 because White had discharged the sentence. *Ex parte White,* Application Number 75,713-09. *See* http://www.cca.courts.state.tx.us/opinions/casesearch.asp.

On October 21, 2013, this court received White's federal petition.

## II.    Analysis

As noted, White has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), a person must be "in custody" before he can seek federal habeas relief.  To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna Cnty. Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001).  A habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

White filed the instant federal petition on October 21, 2013.  At that time, White was not in custody on the charges in Cause Number 1159317, the case on which he bases this petition.

White remains incarcerated on sentences imposed concurrently to the sentence under attack in this petition.  White was convicted of aggravated robbery in Cause Numbers 1197448, 1197748, and 1198033, and he received three concurrent twenty-five-year sentences on October 15, 2009.

The Supreme Court has held that a petitioner who receives consecutive sentences for multiple offenses remains "in custody" and may seek federal habeas relief with respect to any of those convictions until all consecutively imposed sentences are discharged. *See Garlotte v. Fordice,* 515 U.S. 39, 45-46 (1995).  This is true even where the sentence associated with the challenged conviction has expired. *Id.*  In this case, White did not receive consecutive sentences for multiple

offenses. Instead, he received a two-year sentence on October 15, 2009, for the offense of aggravated assault.

The court finds that White has not met the "in-custody" requirements of 28 U.S.C. § 2254(a) or § 2241(c)(3). Because White has not satisfied the "in custody" requirement, this court has no jurisdiction to consider his claims.

## III.   Conclusion

White's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. White's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED. All remaining pending motions are denied as moot.

SIGNED at Houston, Texas, on _____Oct 30_____, 2013.

VANÉSSA D. GILMORE
UNITED STATES DISTRICT JUDGE